Timothy P. Fox – Cal. Bar No. 157750
Sarah M. Morris, *Pro Hac Vice*
CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER
104 Broadway, Suite 400
Denver, CO 80203
(303) 757-7901
tfox@creeclaw.org
smorris@creeclaw.org

Julia Campins – Cal. Bar No. 238023
Hillary Benham-Baker – Cal. Bar No.265019
CAMPINS BENHAM-BAKER, LLP
8 California #703
San Francisco, CA 94111
(415) 373-5333
julia@cbbllp.com
hillary@cbbllp.com

*Attorneys for Plaintiffs and the Proposed Class*

Bill Lann Lee – Cal Bar. No. 108452
Julie Wilensky – Cal. Bar No. 271765
Joshua Davidson – Cal. Bar No. 275168
Linda Lam – Cal. Bar No. 301461
LEWIS, FEINBERG, LEE & JACKSON, P.C.
476 9th Street
Oakland, CA 94612
(510) 839-6824
blee@lewisfeinberg.com
jwilensky@lewisfeinberg.com
jdavidson@lewisfeinberg.com
llam@lewisfeinberg.com

Kevin W. Williams, *Pro Hac Vice*
COLORADO CROSS-DISABILITY COALITION
655 Broadway #775
Denver, CO 80203
(303) 839-1775
kwilliams@ccdconline.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

THE CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER, on behalf of itself, and ANN CUPOLO-FREEMAN and JULIE REISKIN on behalf of themselves and a proposed class of similarly situated persons defined below,

Plaintiffs,

v.

ASHFORD HOSPITALITY TRUST, INC.,

Defendant.

Case No. 4:15-cv-00216-DMR

**PLAINTIFFS' FIRST AMENDED AND SUPPLEMENTAL CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, the Civil Rights Education and Enforcement Center ("CREEC"), on behalf of itself, and Ann Cupolo-Freeman and Julie Reiskin on behalf of themselves and a proposed class defined below, by and through undersigned counsel, file their Class Action Complaint for Declaratory and Injunctive Relief and respectfully allege as follows:

## INTRODUCTION

1. For more than 20 years, the Americans with Disabilities Act has required hotels that provide transportation services to their guests to provide equivalent accessible transportation services to guests who use wheelchairs or scooters.

2. Nevertheless Defendant Ashford Hospitality Trust, Inc. ("Ashford") – which owns and/or operates approximately 93 hotels spread among more than 25 states – has repeatedly failed to provide equivalent wheelchair-accessible transportation in hotels that provide transportation to nondisabled guests.

3. As a result, while Ashford's nondisabled guests staying at these hotels can take advantage of airport shuttle services and transportation services to areas near the hotel, guests who use wheelchairs or scooters are denied equivalent services. This action is limited to Ashford's violations of state and federal requirements governing accessible transportation, including for example purchase and lease of accessible vehicles and provision of accessible transportation.

4. Plaintiffs seek declaratory and injunctive relief establishing that Ashford has engaged in violations of the ADA and California state law, and requiring Ashford to comply with these statutes by providing wheelchair-accessible transportation services that are equivalent to the transportation services provided to nondisabled guests at Ashford's hotels.

## JURISDICTION AND VENUE

5. Plaintiffs' claims arise under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"), and the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* ("the Unruh Act").

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to its supplemental jurisdiction over Plaintiffs' claims brought

under the laws of the State of California. This Court has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

## INTRADISTRICT ASSIGNMENT

8. This action arises in part in Contra Costa and Alameda Counties and thus is properly assigned to the San Francisco/Oakland Division.

## PARTIES

9. Plaintiff the Civil Rights Education and Enforcement Center ("CREEC") is a nationwide civil rights membership organization based in Denver, Colorado whose mission includes, among other purposes, ensuring that persons with disabilities participate in our nation's civic life without discrimination, including in the opportunity to benefit from the services provided by hotels.

10. Plaintiff Ann Cupolo-Freeman is a member of CREEC and is and has been at all relevant times a resident of the State of California. Plaintiff Cupolo-Freeman has diastrophic dysplasia and uses a motorized wheelchair for mobility. She has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Because Ms. Cupolo-Freeman requires a wheelchair-accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal and state requirements governing provision of accessible transportation services to hotel guests. She is also a tester in this litigation.

11. Plaintiff Julie Reiskin is a member of CREEC and is and has been at all times material hereto a resident of the State of Colorado. Plaintiff Reiskin is a Board Member of the Legal Services Corporation and the Executive Director of the Colorado Cross-Disability Coalition. She travels frequently across the country. Plaintiff Reiskin has multiple sclerosis and uses a power wheelchair for mobility. She has a disability within the meaning of the ADA, 42 U.S.C. § 12102, and a physical disability as that term is defined in applicable California law, including California Government Code section 12926. Because Ms. Reiskin requires a

wheelchair-accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal and state requirements governing provision of accessible transportation services to hotel guests. She is also a tester in this litigation.

12. Defendant Ashford is an investment trust incorporated in Maryland, with its principal place of business at 14185 Dallas Parkway, Suite 1100, Dallas, Texas. Ashford is a publicly traded, self-administered real estate investment trust focused on investing in the hospitality industry across all segments and in all methods including direct real estate, equity, and debt. Ashford owns and/or operates hotels throughout the United States, including approximately 15 hotels in the State of California.

## FACTS APPLICABLE TO ALL CLAIMS

13. Defendant Ashford owns and/or operates the Courtyard Oakland Airport in Oakland, CA, a hotel that provides its guests with free local shuttle service to Oakland Airport, BART, and a rental car business. The website for this hotel provides information concerning the inaccessible shuttle, but provides no information concerning accessible shuttle services.

14. On or about August 13, 2015, Plaintiff Reiskin telephoned the Courtyard Oakland Airport and asked if it provided wheelchair-accessible shuttle services. She was informed that the hotel does not offer wheelchair-accessible shuttle services. Plaintiff Reiskin was told that when guests who use wheelchairs wish to use the hotel's shuttle services, the hotel helps the person inside the inaccessible van. Plaintiff Reiskin asked what the hotel did for people who use power chairs. The hotel representative responded that the hotel once had a guest with a power chair, and they had six pilots help carry the guest, and then his wheelchair, into and out of the inaccessible van.

15. Had the hotel provided equivalent wheelchair-accessible shuttle services, and had it informed Plaintiff Reiskin of those services, she intended to stay at the hotel and to use those services. She was deterred from doing so by the hotel's lack of equivalent wheelchair-accessible shuttle services.

16. Plaintiff Reiskin would like to stay at the Courtyard Oakland Airport in the future and use the hotel's transportation services, and will do so if the hotel accurately informs her that it provides equivalent accessible transportation services.

17. Defendant Ashford owns and/or operates the Embassy Suites Walnut Creek located in Walnut Creek, CA, a hotel that provides its guests with a local shuttle service within a five-mile radius of the hotel.

18. On or about October 28, 2014, Plaintiff Cupolo-Freeman telephoned the Embassy Suites Walnut Creek and asked if it provided wheelchair-accessible shuttle services. She was informed that the hotel does not offer wheelchair-accessible shuttle services.

19. Had the hotel provided equivalent wheelchair-accessible shuttle services, and had it informed Plaintiff Cupolo-Freeman been of those services, she intended to stay at the hotel and to use those services. She was deterred from doing so by the hotel's lack of equivalent wheelchair-accessible shuttle services.

20. Plaintiff Cupolo-Freeman would like to stay at the Embassy Suites Walnut Creek in the future and use the hotel's transportation services, and will do so if the hotel accurately informs her that it provides equivalent accessible transportation services.

21. On information and belief, Ashford owns and/or operates a number of other hotels in the United States that offer transportation services to their guests but do not offer equivalent transportation services to guests who use wheelchairs or scooters. These hotels include, without limitation:

A. Residence Inn Phoenix Airport, 801 N 44th St., Phoenix, AZ

B. Courtyard Louisville Airport, 819 Phillips Ln., Louisville, KY

C. Hilton Garden Inn BWI Airport, 1516 Aero Dr., Linthicum, MD

D. Hilton Minneapolis/St. Paul Airport Mall of America, 3800 American Blvd. E, Bloomington, MN

E. SpringHill Suites Raleigh-Durham Airport/Research Triangle Park, 920 Slater Rd., Durham, NC

F. Omaha Marriott, 10220 Regency Cir., Omaha, NE

G. Embassy Suites Syracuse, 6646 Old Collamer Rd. S, East Syracuse, NY

H. Embassy Suites Philadelphia – Airport, 9000 Bartram Ave., Philadelphia, PA

I. Dallas Marriott Suites Medical/Market Center, 2493 N Stemmons Fwy., Dallas, TX

J. Embassy Suites Dallas – Near the Galleria, 14021 Noel Rd., Dallas, TX

K. Embassy Suites Houston – Near the Galleria, 2911 Sage Rd., Houston, TX

L. Courtyard Arlington Crystal City/Reagan National Airport, 2899 Jefferson Davis Hwy., Arlington, VA

M. Embassy Suites Dulles Airport, 13341 Woodland Park Dr., Herndon, VA

22. On information and belief, after August 25, 1990, Ashford has purchased or leased vehicles for use on fixed-route and/or demand-responsive transportation systems in place at its hotels.

23. CREEC brings this action based on associational standing on behalf of its members. CREEC's members – including Ms. Cupolo-Freeman and Ms. Reiskin – include persons with disabilities who use wheelchairs or scooters for mobility, who would like to stay at Ashford hotels and use their transportation services, but have been deterred and prevented from doing so by the failure of those hotels to provide equivalent, wheelchair-accessible transportation services. Because CREEC seeks only declaratory and injunctive relief, individual participation of CREEC members is not required.

24. Prior to filing this litigation, attorneys from CREEC wrote to Ashford, explaining that many of its hotels are in violation of the transportation provisions of the ADA and state law, and requesting that it bring its hotels into compliance with these statutes. Ashford did not respond to this letter.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs Cupolo-Freeman and Reiskin (the "Representative Plaintiffs") bring this action on behalf of themselves and on behalf of a class defined as follows: individuals who use wheelchairs or scooters for mobility who have been, or in the future will be, denied the full and

equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Ashford because of the lack of equivalent accessible transportation services at those hotels.

26. Joinder of all members of the proposed class would be impracticable because, without limitation, the class consists of numerous individuals who are geographically diverse, these individuals are very difficult to identify and they are unlikely to be able to bring individual suits.

27. There are numerous common questions of law and fact, including but not limited to:

A. Whether Defendant Ashford is a "private entity[y] . . . not primarily engaged in the business of transporting people";

B. Whether hotels owned and/or operated by Defendant Ashford provide fixed-route and/or demand-responsive transportation systems;

C. Whether Defendant Ashford has purchased or leased any vehicles after August 25, 1990 for use on fixed-route or demand-responsive systems, and if so, the seating capacity of those vehicles;

D. Whether Defendant Ashford's transportation vehicles are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs; and

E. Whether Defendant Ashford has ensured that its transportation systems, when viewed in their entirety, meet the equivalent service requirements of 49 C.F.R. part 37.

28. The claims of the Representative Plaintiffs are typical of the claims of the class because they arise from the same course of conduct engaged in by Defendant Ashford, are based on the same alleged violations of the same statutes and regulations, and seek the same relief.

29. The Representative Plaintiffs will fairly and adequately represent the interests of the class. The Representative Plaintiffs have no interests adverse to the interests of other members of the class. Further, the attorneys they have retained include counsel who have been

appointed as class counsel in, and have successfully litigated, numerous disability rights class actions across the country.

30. Finally, certification under Rule 23(b)(2) is proper here because Defendant Ashford has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

**FIRST CLAIM FOR RELIEF**
**Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq*.**

31. Plaintiffs incorporate by reference each and every allegation herein.

32. Title III requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

33. Hotels that provide fixed-route transportation services to guests must comply with the following requirements:

A. For all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible;

B. For all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must be either wheelchair-accessible or equivalent service must be provided;

34. Hotels that provide on-demand transportation services to guests must either provide wheelchair-accessible vehicles or ensure that equivalent service is provided.

35. Defendant Ashford owns and/or operates "an inn, hotel, motel, or other place of lodging," which is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(A), and is also a "private entit[y] not primarily engaged in the business of transporting people" pursuant to 49 C.F.R. part 37.

36. Defendant Ashford has engaged in illegal disability discrimination, as defined by Title III, including without limitation, by failing to ensure that transportation vehicles in use at its hotels are readily accessible to and usable by individuals with disabilities, including individuals

who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

37. Defendant Ashford's ongoing and continuing violations of Title III have caused, and in the absence of an injunction will continue to cause, harm to the plaintiffs and the class.

## SECOND CLAIM FOR RELIEF

**Unruh Civil Rights Act, Cal. Civ. Code, § 51, *et seq*., and the Unruh Act's Incorporation of the ADA**

38. Plaintiffs incorporate by reference each and every allegation herein.

39. Defendant Ashford's hotels are business establishments and, as such, must comply with the provisions of the Unruh Act.

40. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

41. A violation of the ADA, the DOJ Standards, or Title 24 is also a violation of the Unruh Act.

42. Defendant Ashford has violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiffs' and class members' rights to the full and equal accommodations, advantages, facilities, privileges, or services offered at Defendant's business establishments, specifically the transportation services offered at Defendant's hotels.

43. Defendant has also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs' and class members' rights to equal access arising from the provisions of the ADA.

44. Defendant Ashford's ongoing and continuing violations of the Unruh Act have caused, and in the absence of an injunction will continue to cause, harm to the plaintiffs and the class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment as follows:

1. A declaration that Defendant Ashford's conduct as alleged here has violated, and continues to violate, Title III of the Americans with Disabilities Act of 1990 and the Unruh Civil Rights Act, as well as their implementing regulations;

2. Issuance of a permanent injunction requiring Defendant Ashford to comply with the ADA and the Unruh Act;

3. Award of Plaintiffs' reasonable attorneys' fees and costs, as provided by law; and

4. Such other additional or alternative relief as the Court finds just and proper.

Dated: August 31, 2015

By: /s/ Timothy P. Fox

Timothy P. Fox – Cal. Bar No. 157750
Sarah M. Morris, *Pro Hac Vice*
CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER
104 Broadway, Suite 400
Denver, CO 80203
(303) 757-7901
tfox@creeclaw.org
smorris@creeclaw.org

Bill Lann Lee – Cal Bar. No. 108452
Julie Wilensky – Cal. Bar No. 271765
Joshua Davidson – Cal. Bar No. 275168
Linda Lam – Cal. Bar No. 301461
LEWIS, FEINBERG, LEE & JACKSON, P.C.
476 9th Street
Oakland, CA 94612
(510) 839-6824
blee@lewisfeinberg.com
jwilensky@lewisfeinberg.com
jdavidson@lewisfeinberg.com
llam@lewisfeinberg.com

Julia Campins – Cal. Bar No. 238023
Hillary Benham-Baker – Cal. Bar No.265019
CAMPINS BENHAM-BAKER, LLP
8 California #703
San Francisco, CA 94111
(415) 373-5333
julia@cbbllp.com
hillary@cbbllp.com

Kevin W. Williams, *Pro Hac Vice*

COLORADO CROSS-DISABILITY COALITION
655 Broadway #775
Denver, CO 80203
(303) 839-1775
kwilliams@ccdconline.org

*Attorneys for Plaintiffs and the Proposed Class*